(No. 89-CC-0833—▆▆▆)

GEUPEL DeMARS, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 12, 1989.*

FRED R. BIESECKER and GEORGE W. WOODCOCK, for Claimant.

NEIL F. HARTIGAN, Attorney General (LANCE JONES, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This cause comes on to be heard on the stipulation of judgment and joint motion for entry of judgment filed

by the Claimant, Geupel DeMars, Inc., and the Respondent, Illinois Capital Development Board (hereinafter referred to as the CDB), due notice having been given, and the Court being advised:

In pertinent part, said stipulation and motion states as follows:

"1. On October 3, 1988, Geupel DeMars commenced this action by filing its Complaint against the CDB. Said Complaint claimed damages in the principal amount of $395,485.87.

2. On February 17, 1989, Geupel DeMars and the CDB entered into an agreement to settle the claims made in said Complaint, as well as other claims asserted by the CDB against Geupel DeMars for corrective work. A copy of the letter agreement containing the terms of the settlement between Geupel DeMars and the CDB is attached hereto and made a part hereof, marked as Exhibit A.

3. The CDB represents that the only remaining funds in its budget for the Vienna Medium Security Correctional Center is the unpaid balance of Geupel DeMars' contract amount, which is $51,764.87.

4. As set forth in Exhibit A, the parties have agreed on the disposition of the $51,764.87 contract balance. Therefore, Geupel DeMars hereby withdraws, without prejudice, the claim made in paragraph 18 of its Complaint herein for the unpaid contract balance of $51,764.87.

5. Geupel DeMars and the CDB agree that the Court should enter judgment forthwith in favor of Geupel DeMars and against the CDB in the total amount of One Hundred Thirty-three Thousand Two Hundred Eighty-one Dollars ($133,281.00). This stipulated judgment amount is in full settlement of all claims made by Geupel DeMars in its Complaint herein, except the claim for the remaining contract balance of $51,764.87."

This Court is not bound by such stipulations and motions and we cannot acquiesce in approving the motion and stipulation at bar. The reason we cannot do so is that, with the exception of the amount remaining due on the contract, no money remained in the CDB budget to cover the cost of the settlement. For that reason the claim must be denied.

However, for purposes of potential consideration of the legislature, the Court finds that the settlement agreement appears to have been reached through negotiations done in good faith between the parties.

It is hereby ordered that this claim be, and hereby is, denied.